IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                             4:17-CR-00111-JM

LEKEDRIC DAVIS

**ORDER**

For the reasons set out below, Defendant's Motion for Reconsideration of Order Denying

Compassionate Release (Doc. No. 1025) is DENIED.

**I.      BACKGROUND**

On March 13, 2018, Petitioner pled guilty to possession of a firearm in furtherance of a

drug trafficking offense, and the other charges against him were dismissed.[1]    On August 30,

2018, he was sentenced to 100 months in prison.[2]

**II.     DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit

less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that

release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must

first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1]Doc. Nos. 473, 474.

[2]Doc. Nos. 630, 633.

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the
offense, afford adequate deterrence, protect the public, and provide the defendant with
appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark.
May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant requested compassionate release from the warden on May 20, 2020, but thirty days have elapsed and he has not received a response.   Accordingly, it appears that this issue is properly before the Court.

In support of his request, Defendant asserts that he is obese and has hypertension, which put him at a higher risk of suffering from COVID-19.   First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release.   Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]   Defendant's health conditions are not listed.   Defendant has provided no argument or evidence to show that his health conditions are severe enough to prevent him from independently functioning within the prison.   Additionally, he has not shown that his conditions cannot be controlled with medication.   Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]

Defendant also asserts that his "fiancé, the mother of [his] four year old son, is recovering now from breast cancer and undergone a double mastectomy though she can't and won't admit

---

[5]Of course, this list predates the COVID-19 outbreak.   U.S.S.G § 1B1.13 cmt. n. 1.   The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

how difficult times are for her while I am away . . . ."[7]   Under the Guidelines, compassionate release may be warranted upon the "death or incapacitation of the caregiver of the defendant's minor child."[8]   Defendant has provided neither evidence nor argument to support a finding that his fiancé is incapacitated to the point that she is unable to care for his child.   He only alleges that it is difficult on her while he is away, which is to be expected.

Finally, Defendant is 34 years old and has served less than 40% of his sentence which means he does not meet the age or minimum served time requirements under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has six prior criminal convictions, which include theft of property, possession of a controlled substance, possession of a defaced firearm, felon in possession of a firearm, and possession with intent to deliver drugs.   The drugs and firearms convictions are the same behavior as the instant offense.   In fact, he committed the instant offense while on supervision for prior convictions for drugs and firearms.

The severity of the instant offense must also be considered.   Defendant was involved in a loose-knit drug trafficking conspiracy in central Arkansas.   On December 5, 2016, a confidential informant purchased 3.2508 grams of heroin from Defendant.   During the transaction, Defendant possessed a Glock 23 with a 50 round drum.

[7]Doc. No. 1025.

[8]U.S.S.G § 1B1.13 cmt. n. 1 (3).

## CONCLUSION

For the reasons stated, Defendant's Motion for Reconsideration of Order Denying

Compassionate Release (Doc. No. 1025) is DENIED.

IT IS SO ORDERED, this 9th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE